Dear Representative Morgan
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May a public trust, formed under the provisions of Sections 176-180.4 of Title 60 of the Oklahoma Statutes, hold title to real property for purposes of having improvements constructed upon the real property using Rural Economic Action Plan ("REAP") grant funds obtained for the benefit of a city or town pursuant to Sections 2006 and 2007 of Title 62, if the city or town is the beneficiary of that trust?
 2. May a municipal authority, created pursuant to either a charter provision or ordinance enacted by a city or town, such as a utility authority, hold title to real property for purposes of having improvements constructed upon the real property using REAP grant funds obtained for the benefit of the city or town that created the municipal authority, pursuant to Sections 2006 and 2007 of Title 62?
 3. If the answer to either of the above is yes, what restrictions are placed on the municipal authority or public trust with regard to leasing or conveying an interest in the real property to a private entity?
¶ 1 Your questions relate to whether a municipal-beneficiary trust or "municipal authority" may receive Rural Economic Action Plan ("REAP") grant funds pursuant to the Rural Economic Action Plan of 1996 ("REAP Act"), 62 O.S. 2001 Supp. 2003, §§ 2001-2013, on behalf of the city or town creating the entity, using these grant funds to acquire real property or construct real property improvements, and if so, once these improvements are made, what restrictions are placed on the leasing or conveyance of such property to a private entity.
 The REAP Act
¶ 2 Under the REAP Act, grants funded by the Legislature may be awarded to several kinds of public entities including cities or municipal-beneficiary public trusts or to regional councils of government ("COGs") to stimulate economic development in rural areas. 62 O.S. 2001, §§ 2001[62-2001], 2007(A); 62 O.S. Supp. 2003, § 2003[62-2003](B). Proceeds of REAP grants may be used for a variety of public purposes for economic development within the recipient's jurisdiction. 62 O.S. 2001, § 2008[62-2008]; A.G. Opin. 03-35, 197-98. However, as discussed in Opinion 03-35, the use of REAP grant monies (or the projects they finance) is subject to constitutional restrictions against gifts or loans of credit to private persons or companies. Id. at 202. Use of REAP grant monies would also be subject to any restrictions (or lack of express authority) in the instruments creating the public trust and approving resolutions or ordinances by the municipal governing body. See A.G. Opin. 04-6. Thus, the governing body of the public entity receiving the REAP grant must determine that the use of the grant money is for a valid public purpose, and before property, bought or financed with REAP grant money, is conveyed to a private person or company there must be adequate consideration. Id.; A.G. Opin. 03-35, 200-01.
 Municipal "Authorities" Or Public Trusts
¶ 3 The term "municipal authority" has no set meaning in Oklahoma law and may be susceptible of several interpretations. Title 60 O.S. 2001, § 179[60-179] provides that trustees of a public trust formed under the requirements of Title 60 shall be "an agency of the state and the regularly constituted authority of the beneficiary for the performance of the functions for which the trust shall have been created." Id. In a more general sense, an agent's "authority" results from a principal's manifestation to the agent of the principal's consent that the agent may act on its behalf. See Berryhill v. Ellett,64 F.2d 253, 255 (10th Cir. 1933). For governmental law purposes, "an authority is a body having jurisdiction in certain matters of a public nature." Black's Law Dictionary 169 (4th ed. 1968).
¶ 4 Public trusts created by or with consent of an Oklahoma municipality pursuant to 60 O.S. 2001 Supp. 2003, §§ 176-180.4, are often referred to as "authorities," e.g., the "XYZ Public Works Authority" or the "ABC Economic Development Authority," and all such trusts are governed by the public trust laws and laws relating to their municipal beneficiaries. See id. The creation of such municipal-beneficiary public trusts must be authorized by the governing body of the city or town (60 O.S. Supp. 2003, § 176[60-176](A)(3)),[1] and where the trustees are appointed by the municipal governing body, there is a presumption the trust is acting on behalf of the municipality. See id. § 176.1(A)(3). A public trust may exercise no greater powers than those authorized in the documents creating it (60 O.S. 2001, § 177.1[60-177.1]), but in any event the powers of such a trust may not exceed those "authorized and proper" public functions of its municipal beneficiary (60 O.S. Supp. 2003, § 176[60-176](A)), or the powers which the Legislature might authorize the beneficiary to exercise. Bd. of CountyComm'rs v. Warram, 285 P.2d 1034, 1040 (Okla. 1955); see Shippv. Southeastern Okla. Indus. Auth., 498 P.2d 1395, 1398 (Okla. 1972).
¶ 5 Other Oklahoma statutes, however, authorize the creation of entities referred to as "authorities" with limited powers, resulting in some confusion. See, e.g., 62 O.S. 2001 Supp. 2003, §§ 651-664; 11 O.S. 2001, §§ 38-101-38-123[11-38-101-38-123]; 68 O.S. Supp. 2003, § 1370.7[68-1370.7]; 63 O.S. 2001 Supp. 2003, §§ 1051-1084.[2]
Consequently, the use of the term "municipal authority" is not very descriptive or specific.[3]
¶ 6 For purposes of this Opinion we assume the entity you refer to is a public trust created under 60 O.S. 2001 Supp. 2003, §§ 176-180.4, where the sole beneficiary of the public trust is a city or town and the purpose of such a trust is not limited as in the kinds of "authorities" described in the preceding paragraph. In many instruments creating municipal-beneficiary public trusts, the members of the governing body of the beneficiary city or town are ex officio trustees of the trust. 60 O.S. Supp. 2003, § 176[60-176](A)(3). This is often the case when the trust operates a municipal utility system (water, sewer, electric, etc.). In others, however, such as an economic development authority, the trustees of the trust are appointed by the municipal governing body, and most, if not all, of the trustees are not governing body members. Id. § 176.1(B)(1). In our analysis, whether city council members are trustees of the trust is immaterial since a properly created municipal-beneficiary public trust is ultimately a separate, distinct legal entity, presumed to exist for the public benefit, acting on behalf of, and in furtherance of, the functions of the municipality where the trustees are appointed by the municipal governing body. Id.
¶ 7 To the extent permitted by the instrument creating the trust, a public trust may acquire, own and/or convey real and personal property, just as its municipal beneficiary may. Id. § 176(A); see Warram, 285 P.2d at 1040. Since the REAP Act contains no express prohibitions against acquiring or improving real property, but to the contrary, authorizes improvements to infrastructure that would necessarily involve real property, we conclude a public trust may use REAP grant proceeds to make improvements to real property as its municipal beneficiary might do, unless restricted by the terms of the trust document or other applicable laws or ordinances, subject to the further restriction that such project(s) must satisfy a public purpose. See 60 O.S. 2001, § 177.1[60-177.1]; 62 O.S. 2001, §§ 2007[62-2007], 2008; Okla. Const. art. X, § 14(A).
 Public Purpose
¶ 8 Any REAP grant funds appropriated by the Legislature must be used only for public purposes and may not be used for a gift or loan of credit to a private person or entity. Okla. Const. art. X, §§ 14(A), 15, 17. However, a transfer of money or property based on a public purpose and adequate consideration (or a valid claim) is not a prohibited "gift." Way v. Grand LakeAss'n, 635 P.2d 1010, 1015-16 (Okla. 1981); Johnston v.Conner, 236 P.2d 987, 991 (Okla. 1951). The determination of public purpose and adequacy of consideration is a matter of discretion by the governing body and will not be "second guessed" or reversed by a court except "upon a clear showing that it was manifestly arbitrary, capricious, or unreasonable." State exrel. Brown v. City of Warr Acres, 946 P.2d 1140, 1144 (Okla. 1997). Any determination as to the existence of a public purpose or adequacy of consideration is a question of fact which cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The term "municipal authority" has no single, distinct meaning and may include a municipal-beneficiary public trust created pursuant to 60 O.S. 2001 Supp. 2003, §§ 176-180.4, or a variety of entities created under other statutes, such as an economic development trust (62 O.S. 2001 Supp. 2003, §§ 651-664); an urban renewal authority (11 O.S. 2001, §§ 38-101-38-123); a transportation authority (68 O.S. Supp. 2003, § 1370.7); or a housing authority ( 63 O.S. 2001 
Supp. 2003, §§ 1051-1084).
 2. Rural Economic Action Plan ("REAP") grant funds may be awarded either to a municipality or to a public trust having the municipality as its beneficiary. 62 O.S. Supp. 2003, § 2003(B), 62 O.S. 2001, § 2007(A).
 3. A public trust formed pursuant to 60 O.S. 2001 
Supp. 2003, §§ 176-180.4, with approval of the governing body of a city or town as its beneficiary, may lawfully hold real property and make improvements thereon using REAP grant funds obtained for the benefit of the municipal beneficiary, provided:
 (a) the public trust is authorized to hold and improve such property by the terms of the instruments creating the trust;
 (b) no applicable laws or municipal ordinances prohibit such a project; and
 (c) the project is for a public purpose.
 62 O.S. 2001 Supp. 2003, §§ 2001-2008; 60 O.S. Supp. 2003, § 176(A); 60 O.S. 2001, § 177.1; Okla. Const. art. X, § 14.
 4. A municipality or a municipal-beneficiary public trust, having acquired and/or improved real property with proceeds of a REAP grant, may lawfully lease or convey an interest in such property to a private person or entity, provided:
 (a) such transfer is determined by the governing body of the municipality or trust, as the case may be, to be for economic development constituting a public purpose;
 (b) such determination by the governing body is not manifestly arbitrary, capricious or unreasonable; and
 (c) the transfer or conveyance is based on adequate consideration.
 Okla. Const. art. X, §§ 14, 15, 17; 62 O.S. 2001, § 2008[62-2008]; State ex rel. Brown v. City of Warr Acres,
946 P.2d 1140, 1144 (Okla. 1997).
 5. Whether a particular project or transfer of property serves a valid public purpose and is supported by adequate consideration involves an exercise of discretion by the governing body of the public entity involved, and, as a question of fact, cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] See 2004 Okla. Sess. Law Serv. ch. 5, § 48 (amendments were made to Section 176 in the 2004 Second Regular Session of the Forty-Ninth Legislature; however, they are not germane here).
[2] With voter approval, pursuant to 62 O.S. 2001 Supp. 2003, §§ 651-664, a municipality may create and utilize a type of industrial trust for economic development, but the powers of such an "authority" are considerably limited compared to the powers of other public trusts not formed under these statutes. A city or town may create an "urban renewal authority" under 11 O.S. 2001, §§ 38-101-38-123[11-38-101-38-123], or in combination with other local governmental entities may create a "transportation authority" as provided in 68 O.S. Supp. 2003, § 1370.7[68-1370.7](A), but either such "authority" is certainly different and its powers considerably more limited than a typical Title 60 public trust. Further, a city or town may create a "housing authority," also quite limited in scope, under the Oklahoma Housing Authorities Act, 63 O.S. 2001 Supp. 2003, §§ 1051-1084.
[3] See In re Goodwin, 597 P.2d 762, 764 (Okla. 1979), where the Oklahoma Supreme Court appears to have assumed the trust in that case was a Title 63 "housing authority," when in fact it was a Title 60 public trust created to finance single-family homes. A Title 63 housing authority is created based on a need for housing assistance to low income persons (63 O.S. 2001, § 1055[63-1055]), and is subject to a voter referendum in certain instances (id. § 1056(A)(1)); such an authority operates its own housing projects (id. § 1062); and the property of such an authority is tax-exempt (id. § 1066). The trust in Goodwin was not under these restrictions as shown by the facts of the case.